UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TECHGUARD SECURITY, L.L.C., | ) |
| | ) |
| Plaintiff and Counterclaim Defendant, | ) ) |
| | ) |
| vs. | )  Case No. 4:08CV1489 AGF |
| | ) |
| JAMES B. JOYCE, | ) |
| | ) |
| Defendant and Counterclaim Plaintiff. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on the following two motions filed by Plaintiff TechGuard, L.L.C., ("TechGuard"):

(1) Motion for Summary Judgment on Counts III and XI of its Second Amended Complaint, and Counts III, IV, and V of Defendant James Joyce's Counterclaim[2]; and

(2) Motion for Final Judgment on Counts I, III, and XI of its Second Amended Complaint, and on Counts I, III, IV, and V of Joyce's Counterclaim.

A status hearing was held on the record on this matter on January 7, 2010.

## DISCUSSION

Count I, the pivotal count of the Second Amended Complaint, sought declaratory

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

[2] This motion was initially filed as Motion for Judgment on the Pleadings and was converted by the Court, pursuant to Federal Rule of Civil Procedure 12(d), to a Motion for Summary Judgment.

judgment that, pursuant to a Confidentiality and Invention Rights Agreement ("Rights Agreement") and a Transfer Agreement between the parties, TechGuard was the owner of (1) computer-related methods/inventions described in a patent issued to Joyce on February 11, 2003; and (2) methods/inventions underlying a patent application filed by Joyce on August 15, 2006 ("Application '772") and a patent application filed by two other TechGuard employees on November 1, 2006 ("Application '802") and thereafter assigned to TechGuard.

By Memorandum and Order issued on September 18, 2009, this Court granted TechGuard's Motion for Summary Judgment on Count I in substantial part, holding that while TechGuard had no ownership rights to the 2003 patent, TechGuard was the rightful owner of the method/inventions described in the two patent applications at issue. The Court held that these conclusions also warranted denying Joyce's cross-motion for Summary Judgment on Count I, as well as his motion for summary judgment on Counts III and XI of the Second Amended Complaint. In Count III, TechGuard claims that Joyce breached the Rights Agreement by filing Application '772. In Count XI, TechGuard seeks injunctive relief (1) enjoining any further breach of the Rights Agreement by Joyce, (2) enjoining harassment by Joyce of TechGuard employees, and (3) requiring Joyce to execute all documents necessary to assign to TechGuard all rights to the 2003 patent and Application '772.

TechGuard previously had not filed a cross-motion for summary judgment as to Counts III and XI, but now asserts that it is entitled to summary judgment on those two

counts, in light of the Court's September 18, 2009 rulings. Upon review of the record, the Court concludes that TechGuard is entitled to summary judgment as to liability on Count III of its Second Amended Complaint, but not as to damages, as no showing of damages has been made. The Court further concludes that TechGuard is entitled to partial summary judgment on Count XI requiring Joyce to execute documents assigning Application '772 to TechGuard.[3] But TechGuard has made no showing of entitlement to summary judgment on the other two aspects of Count XI. The fact that Joyce breached the Rights Agreement and may have harassed TechGuard employees in the past does not automatically warrant injunctive relief against possible future conduct.

TechGuard's motion for summary judgment is also directed at Counts III, IV, and V of Joyce's Counterclaim. In Count III of the Counterclaim, Joyce asks the Court to impose a constructive trust on the above-mentioned patent applications; Count IV of the Counterclaim seeks damages for conversion, asserting that by causing Application '802 to be filed, TechGuard converted Joyce's intellectual property; and Count V of the Counterclaim seeks an injunction enjoining TechGuard from pursuing Application '802 and/or using to TechGuard's benefit the inventions described in Application '772. The Court concludes, based on the Memorandum and Order of September 18, 2009, that TechGuard is entitled to summary judgment on these counts of the Counterclaim.

---

[3] On November 9, 2009, while the above motions were pending, TechGuard filed with the United States Patent and Trademark Office a statement that it is the assignee of the Application '772, apparently based on the Court's September 18, 2008 Memorandum and Order (Doc. #101-2).

TechGuard's Motion for Final Judgment as to the counts of the Second Amended Complaint and the Counterclaim that have been resolved by summary judgment shall be denied. A final judgment shall issue in the case when all claims against all parties have been resolved.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment on Counts III and XI of its Second Amended Complaint, and Counts III, IV, and V of Defendant's Counterclaim is **DENIED** as to (i) damages on Count III of the Second Amended Complaint, (ii) the request to enjoin further breach of the Rights Agreement in Count XI of the Second Amended Complaint, and (iii) the request to enjoin harassment in Count XI of the Second Amended Complaint; and is **GRANTED** in all other regards, consistent with the conclusions above. [Doc. #70]

**IT IS FURTHER ORDERED** that Plaintiff's motion for final judgment on Counts I, III, and XI of its Second Amended Complaint, and on Counts I, III, IV, and V of Defendant's Counterclaim is **DENIED**. [Doc. #74]

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the Case Management Order in this case is **DENIED** as moot. [Doc. #100]

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike portions of Defendant's affidavit is **DENIED** as moot. [Doc. #128]

**IT IS FURTHER ORDERED** that the parties' joint motion to extend the

discovery deadline to 20 days following the Court's ruling on pending motions is

**GRANTED** to the extent that the discovery deadline shall be extended to May 17, 2010.

[Doc. #136]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of April, 2010.