UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TECHGUARD SECURITY, L.L.C., | ) |
| | ) |
| Plaintiff and Counterclaim Defendant, | ) ) |
| | ) |
| vs. | ) Case No. 4:08CV1489 AGF |
| | ) |
| JAMES B. JOYCE, | ) |
| | ) |
| Defendant and Counterclaim Plaintiff. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant James Joyce's motion to remove the law firm of Gallop, Johnson, Neuman ("GJN") as counsel for Plaintiff TechGuard Security, L.L.C., ("TechGuard") due to an alleged conflict of interest. Oral argument on the motion was held on the record on May 6, 2010. For the reasons set forth below, this motion shall be denied.

## BACKGROUND

For purposes of this motion, the record establishes the following. Joyce is a former employee and a current minority unit-holder of TechGuard,[1] a corporation that Joyce helped found in February 2000. This action, which was filed on September 9, 2008, essentially concerns the parties' rights to methods/inventions for computer firewall technology invented by Joyce. Suzanne Magee is Joyce's ex-wife and the CEO and

---

[1] According to TechGuard, Joyce holds 7.3% of its outstanding units.

majority owner of TechGuard. TechGuard has government contracts and in connection with her position, Magee has top-secret national security clearance. Magee and Joyce were divorced in the fall of 2007.

On November 11, 2008, Magee filed a motion for an Order of Protection against Joyce in state family court, after previous orders of protection expired on September 24, 2008. GJN represented Magee in this matter and Joyce's counsel in the present case represented Joyce. Magee's deposition was taken on May 27, 2009. Magee eventually voluntarily dismissed the motion before trial.

On October 22, 2009, Joyce filed a state action against Magee for malicious prosecution, asserting that Magee had no probable cause to pursue the Order of Protection. GJN represented Magee in that lawsuit, and Joyce's counsel in the present case represented him. In a letter to Joyce's counsel dated December 22, 2009, written in response to Joyce's assertion of a conflict of interest, GJN stated as follows:

> Since first undertaking this assignment, we have studiously paid attention to any instance of a conflict or divergence of interest between TechGuard and Ms. Magee. In any such instance where even the semblance of such conflict may have existed, TechGuard has ensured that Ms. Magee has not played an active role in any such decision or action and has, in fact, abstained from participation and voting, leaving such decisions solely to the remaining officers and manager of TechGuard, as applicable in a particular situation.

(Doc. #123-5 at 2.)

On March 13, 2010, two months after Joyce filed the motion to remove GJN as counsel for TechGuard, Magee's motion for summary judgment in the malicious

prosecution case was granted, and on April 20, 2010, Joyce's motion for reconsideration was denied. A notice of appeal was filed by Joyce on April 28, 2010.[2]

Joyce argues that GJN's representation of TechGuard and Magee creates a conflict of interest such that GJN should be removed from representing TechGuard in this case. Joyce posits that the malicious prosecution case against TechGuard's CEO, and Magee's deposition testimony in that case which allegedly showed that she had made misrepresentations in the motion for a protection order, put TechGuard at risk, but that GJN, TechGuard's counsel, could not advise TechGuard of the "potential dangers," because GJN was representing Magee in that case. The primary such potential danger that Joyce identifies is that Magee might lose her security clearance due to her having lied in her deposition. Joyce asserts that as a minority unit-holder of TechGuard, he has standing to raise the conflict of interest matter and to ask whether TechGuard's interests are being protected by being represented by GJN.

Joyce argues that as long as the malicious prosecution matter continues, there is a conflict of interest between Magee's personal interests and TechGuard's best interests, and that it is in TechGuard's best interest for the malicious prosecution case "to disappear." He states that in any settlement discussions regarding the present case, GJN would have an actual conflict in trying to decide whether the malicious prosecution action should be part of the settlement discussion. At oral argument, Joyce's counsel asserted

---

[2] See https://www.courts.mo.gov/casenet/ Case No. 09 SL-CC04591.

3

that the alleged conflict of interest has resulted in this case not being settled.

## **DISCUSSION**

To seek disqualification of counsel, "a party must show 'an injury in fact' and a causal connection between the injury and the conduct in issue." PIKA Int'l, Inc. v. Am. Pulverizer, Inc., No. 4:09CV0373 TCM, 2009 WL 1351123, at *2 (E.D. Mo. May 13, 2009) (citations omitted). Because such motions are subject to abuse by opposing counsel, they are subjected to particularly strict judicial scrutiny. Midwest Motor Sports v. Arctic Sales, Inc., 347 F.3d 693, 700-01 (8th Cir. 2003). "The party seeking disqualification carries a heavy burden, but doubts should be resolved in favor of disqualification." Commonwealth Land Title Ins. Co. v. St. Johns Bank & Trust Co., No. 4:08-CV-1433 CAS, 2009 WL 3069101, at *4 (E.D. Mo. Sept. 22, 2009) (citations omitted).

From the motion pleadings and the oral argument, it appears that Joyce's contention is essentially that absent separate counsel, TechGuard cannot be in a position to assess either how to settle the instant litigation or the impact of Magee's state court action. Indeed, it appears that Joyce is asserting that he is in a better position than TechGuard to assess how it would be best, vis-a-vis TechGuard, for the malicious prosecution action to be resolved. This is an argument the Court cannot accept as having any validity. None of the cases cited by Joyce involve a factual situation like that presented here.

In support of his motion, Joyce cites Rule 4-1.7(a) of the Missouri Rules of

Professional Conduct, which provides as follows:

> Except as provided in Rule 4-1.7(b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

Subsection (b) states: "Notwithstanding the existence of a concurrent conflict of interest under Rule 4-1.7(a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client . . . ."

Here the Court discerns no violation of Rule 4-1.7(a). Joyce also cites to Rule 4-1.13. Subsection (d) of that Rule provides that "[a] lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of Rule 4-1.7," and offers no support to Joyce's position.[3]

---

[3] It is telling that Joyce states that "[a] conflict between TechGuard and Suzanne Magee arose first in the context of the Order of the [sic] Protection case, once it became apparent that Suzanne Magee had no basis to support the allegations that she swore under oath were true." Inasmuch as GJN had entered its appearance on behalf of TechGuard in the litigation before this Court several months before the Order of Protection suit was filed by Magee, Joyce has essentially acknowledged that the alleged conflict did not arise simply by virtue of GJN's representation of TechGuard in claims by and against Joyce as a minority unit-holder.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant' motion to remove Plaintiff's counsel as counsel of record is **DENIED**. [Doc. #114]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of May, 2010.