UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TECHGUARD SECURITY, L.L.C., | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1489 AGF |
| | ) | |
| JAMES B. JOYCE, | ) | |
| | ) | |
| Defendant and Counterclaim Plaintiff. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant James Joyce's Motion to Compel Responses to Discovery. The claims that remain for trial in this case are:

(1) Damages sustained by Plaintiff TechGuard Security, LLC, as a result of Joyce's breach of a Confidentiality and Invention Rights Agreement by filing a patent application on August 15, 2006 for methods/inventions that belonged to TechGuard (Count III of TechGuard's Second Amended Complaint). Joyce's breach has already been determined. TechGuard now asserts that its damages consist only of the attorney's fees it paid related to Count III, and the cost of the time spent on this claim by its Chief Technology Officer (Dave Maestas).

(2) Liability and damages for Joyce's alleged tampering with computer data and equipment, in violation of federal law (Count VIII), and tampering with computer users, in violation of federal law (Count IX). TechGuard states that the damages it seeks in

these two claims are limited to attorney's fees, computer forensic fees, and the cost of time devoted by Maestas to the claims.

Upon review of the motion to compel, the supporting documentation, and the arguments of the parties, Joyce's motion is denied with respect to all requests for admissions, production of documents, and answers to interrogatories that relate to the validity of any patents; to alleged misrepresentations made by TechGuard to clients or potential clients regarding the intellectual property in which it had an interest; to TechGuard's revenues from or sales of any products by TechGuard; to Joyce's termination as an officer and/or employee of TechGuard; to communications between TechGuard and third-parties about Joyce; to possible damages in Counts III, VIII, and IX, other than those specified above; and to interests in other entities that TechGuard or any of its officers may have had.

Joyce's motion shall be granted with respect to requests for admissions, production of documents, and answers to interrogatories that relate to TechGuard's computer-tampering claims, both as to liability and as to the damages specified above. TechGuard shall be limited to recovering the damages specified above, pursuant to its representations in response to Joyce's Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Responses to Discovery is **GRANTED** in part and **DENIED** in part, consistent with the above rulings by the Court. Plaintiff shall respond to the discovery requests required by this Order

before August 27, 2010.  [Doc. #146]

**IT IS FURTHER ORDERED** that Defendant's motion to strike Plaintiff's May 17, 2010 Supplemental Rule 26(A)(1) Disclosures, and alternative request for an extension of the discovery deadline, are **DENIED**.  If Defendant believes that he needs time to conduct additional discovery related to the above-identified issues remaining in this case, due to the Supplemental Rule 26(A)(1) Disclosures, he may request time, setting forth the specific discovery needed.  [Doc. #144]

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2010.