UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TECHGUARD SECURITY, L.L.C., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV01489 AGF |
| | ) | |
| JAMES B. JOYCE, | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM AND ORDER

Following a hearing on the record on October 19, 2010, on the parties' pending motions, and in accordance with the Court's pronouncements in open court at the hearing,

**IT IS HEREBY ORDERED** that Plaintiff's motion to strike Defendant's motion (Doc. #180) to dismiss or for summary judgment is **GRANTED**. Defendant's motion is untimely and, contrary to Defendant's assertion, does not challenge this Court's subject matter jurisdiction, but rather challenges the pleading and evidentiary sufficiency of Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. The Court notes that under 28 U.S.C. § 1367(c)(3), it has discretion to, and would, exercise supplemental jurisdiction over the remaining state law claims even if the Court dismissed Plaintiff's CFAA claim. [Doc. #218]

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss or alternatively motion for summary judgment based on lack of subject matter jurisdiction is

**DENIED as moot**. [Doc. #180]

**IT IS FURTHER ORDERED** that Defendant's motion to strike Plaintiff's objections in its responses to Defendant's requests for admissions shall be **RESERVED** for ruling, pending submission by the parties by 12:00 noon on Thursday, October 21, 2010, of the particular admissions in question and any objections the parties feel require a ruling by the Court. [Doc. #178]

**IT IS FURTHER ORDERED** that Defendant's motion, filed within days of the trial setting, for leave to conduct additional discovery is **DENIED**. [Doc. #181]

**IT IS FURTHER ORDERED** that Defendant's motion to strike witnesses Josh Restivo, Kevin Kercher, and Annette Blomes is **DENIED as moot**, in light of Plaintiff's representation at the hearing that it does not intend to call these individuals as witnesses. [Doc. #182]

**IT IS FURTHER ORDERED** that Plaintiff's general motion in limine to preclude Defendant from offering undisclosed evidence is **GRANTED**. [Doc. #186]

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to preclude Defendant from denying that the computer at issue was used by or for the National Institute of Standards and Technology is **DENIED as moot**, in light of the agreement reached by the parties on this motion. [Doc. #190]

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to preclude Defendant from offering undisclosed expert testimony is **DENIED, as moot,** as Defendant

does not intend to introduce such evidence. [Doc. #192]

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to preclude Defendant from introducing evidence related to the legal malpractice case filed by Defendant or the divorce case between Defendant and his ex-wife, with the exception of evidence Plaintiff seeks to offer of Defendant's nondisclosure in the divorce proceedings of a certain patent application, and the state court's ruling as to credibility as to Defendant Joyce, is **RESERVED** for ruling. With respect to this motion, by 12:00 noon on Thursday, October 21, 2010, Plaintiff shall submit to the Court and opposing counsel (1) the divorce court order in question, highlighting that court's finding that Plaintiff seeks to introduce under Federal Rule of Evidence 608(b) as evidence of Defendant's character for untruthfulness; and (2) the statement by Defendant in the divorce proceeding of his assets that Plaintiff seeks to introduce for the same purpose. By the same deadline, Defendant shall submit to the Court and opposing counsel the allegedly false statement(s) made by Defendant's ex-wife in a proceeding for an order of protection, and the basis for Defendant's counsel's good faith belief that the statement was false. Each party shall have up to 12:00 noon on Friday, October 22, 2010, to offer any argument with respect to the other party's submission on this matter. [Doc. #194]

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to preclude Defendant from offering certain evidence from adult abuse cases between Defendant and his ex-wife is **DENIED as moot**, subject to the ruling on the above motion in limine. [Doc. #196]

3

**IT IS FURTHER ORDERED** that Defendant's motion in limine to exclude reference to Dave Maestas' forensic examination of the computer at issue in Counts VIII and IX is **DENIED**, in light of Plaintiff's representation that it has no electronic or paper documents that it did not produce in response to the relevant request for production by Defendant. Plaintiff is cautioned to discuss the matter with Mr. Maestas, whose anticipated testimony may be stricken if responsive documents did exist and were not produced. [Doc. #198]

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to preclude Defendant from offering evidence relevant to previously resolved or unrelated claims and defenses is **DENIED as moot**, in light of Defendant's representation at the hearing that he does not intend to introduce such evidence. [Doc. #199]

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to preclude Defendant from offering evidence related to the financial condition of the parties is **GRANTED**. [Doc. #201]

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to preclude Defendant from offering evidence related to Josh Restivo's former business partner is **DENIED as moot,** in light of Defendant's representation at the hearing that he does not intend to offer such evidence given that Mr. Restivo will not be a witness. [Doc. #203]

**IT IS FURTHER ORDERED** that Plaintiff's motion in limine to preclude Defendant from offering evidence related to the personal use of the computer in question by his children and ex-wife shall be **RESERVED** for ruling, pending the introduction of

evidence at trial on the authorized uses of the computer. Defendant shall seek leave of Court at trial before introducing any evidence covered by this motion. [Doc. #205]

**IT IS FURTHER ORDERED** that Defendant's motion in limine to exclude all or part of Plaintiff's Exhibit 26 is **RESERVED** for ruling until trial when the Court can ascertain whether a proper foundation for admission of this Exhibit has been laid. [Doc. #206]

**IT IS FURTHER ORDERED** that Defendant's motion in limine to exclude any documents produced by Plaintiff during this litigation but not identified as an Exhibit is **DENIED as moot**. [Doc. #210]

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions against Defendant for failing to comply with the Court's Case Management Order is **DENIED**. [Doc. #215]

**IT IS FURTHER ORDERED** that at the start of trial, the parties shall provide the Court with a list identifying all Exhibits that have been stipulated and the objections to any other Exhibits.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2010.